*law Revision*

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | SPECIAL PROCEEDINGS CASE NO. SP0149-11 |
| Respondent, | |
| vs. | DECISION AND ORDER |
| ARTHURO Q. BERMUDEZ, | |
| Petitioner. | |

On November 9, 2012, this matter came before the HONORABLE VERNON P. PEREZ on Petitioner's Motion for Reconsideration. Petitioner appeared *pro se*. Attorney Frances C. DeCecco represented the Government. The Court took the motion under advisement. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On August 24, 2011, Petitioner filed a Petition to Expunge Criminal Records. The Court filed its Decision and Order on September 4, 2012. Petitioner then filed a Motion for Reconsideration on September 7, 2012 which Respondent opposed. The Court now addresses Petitioner's request for reconsideration.

## DISCUSSION

### II. Standard of Reconsideration

Generally, there are several grounds upon which a motion for reconsideration may be granted. These include situations where the trial court: 1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1, ¶ 10 (April 2, 1998) (citations

omitted). In the case here, Petitioner alleges that the Court based its decision on the wrong facts and failed to expunge cases that were consolidated with the criminal matters recently expunged.

In addition, "no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion". CVR 7.1(i). Thus, the Court will only decide the issue of whether or not grounds for reconsideration exist. This Court will not decide on the merits of the case once again. Guam Rule of Civil Procedure 60, which states in relevant part:

> "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...(6) any other reason justifying relief from the operation of the judgment." GRCP 60.

Petitioner moved to have his criminal records expunged and now he seeks reconsideration under GRCP Rule 60.

The Court appreciates Petitioner's request for reconsideration and understands the notions behind his desires to have old criminal records expunged. The Court would like to take the opportunity to commend Petitioner on moving on with his life and become a model citizen. Yet, the Court has spent extensive time reviewing the history of this case and the law relevant to its resolution. The Court has searched hard with the desire to procure a proper resolution to Petitioner's hopes to find gainful employment and move to the future while continuing to be a productive member in the community. Regrettably, the Court found no legal avenue to grant expungement to the types of cases in Petitioner's history. Simply, there are no grounds present here to allow the Court to reconsider its September 4, 2012 Decision and Order. Petitioner is correct in his argument that most, if not all, of the remaining criminal convictions where consolidated from cases recently expunged by this Court. Yet, that alone is not grounds for

expungement or for reconsideration. Without addressing the merits of Petitioner's original motion once again, the Court still concludes that the remaining criminal records are not subject to expungement.

There is no new evidence, the Court did not err when denying expungement to the remaining felony and misdemeanor convictions, and there has not been a change in controlling law that would allow for expungement of Petitioner's remaining criminal history. Furthermore, the previous decision created no manifest injustice. The Court does wish the Petitioner the best in his desire to be employed and acknowledges the Petitioner's efforts to move forward from a troubled past.

## CONCLUSION

Based on the foregoing reasons, the Court DENIES Petitioner's Motion for Reconsideration.

So ORDERED this _____ day of December, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I de hereby certify that the foregoin.
is a full true and correct copy of the
original on file in the Office of the
Clerk of the Superior Court of Guam
Dated at Hagatna, Guam.

DEC 17 2012

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam

*People v. Bermudez,*
Decision and Order
Special Proceedings Case No. SP0149-11        - Page 3 of 3 -